IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROCHELLE LEON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-560-SDJ-KPJ |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Target Corporation's ("Defendant") 12(b)(6) Motion to Dismiss and Brief in Support (the "Motion to Dismiss") (Dkt. 2); Defendant's First Amended 12(b)(6) Motion to Dismiss and Brief in Support (the "Amended Motion to Dismiss") (Dkt. 9); and Plaintiff Rochelle Leon's ("Plaintiff") Motion for Leave to File Plaintiff's Second Amended Complaint (the "Motion for Leave to File") (Dkt. 19). For the reasons that follow, the Motion for Leave to File (Dkt. 19) is **GRANTED** and the Motion to Dismiss (Dkt. 2) and the Amended Motion to Dismiss (Dkt. 9) are **DENIED AS MOOT**.

A.   **The Motion to Dismiss (Dkt. 2)**

On May 9, 2023, Plaintiff filed her Original Petition (the "Petition") (Dkt. 3) in the 431st District Court, Denton County, Texas. Dkt. 1 at 1. Defendant was served with the citation and a copy of the Petition (Dkt. 3) on May 26, 2023. *Id.* at 1–2. On June 19, 2023, Defendant removed this case from state court to federal court. On the same day, Defendant also filed its Answer (Dkt. 3) and Motion to Dismiss (Dkt. 2).

On June 30, 2023, the District Judge entered an Order and Advisory (Dkt. 6) notifying the parties of "the different pleading standards in state and federal court" and permitting "the parties time to replead as necessary to comply with the Federal Rules of Civil Procedure and the Court's

Local Rules." Dkt. 6 at 1. Specifically, Plaintiff had thirty days from the entry of the Order and Advisory (Dkt. 6) to file an amended complaint and Defendant had twenty days from the receipt of the amended complaint to file an amended answer. Dkt. 6 at 1. On July 5, 2023, Plaintiff filed her First Amended Complaint (Dkt. 7). Thus, the Motion to Dismiss (Dkt. 2) is moot.

**B.        The Amended Motion to Dismiss (Dkt. 9) and the Motion for Leave to File (Dkt. 19)**

On July 10, 2023, Defendant filed its Amended Motion to Dismiss (Dkt. 9). Plaintiff did not file a response to the Amended Motion to Dismiss (Dkt. 9). On December 29, 2023, the Court ordered "that Plaintiff shall file a response, if any, to the [Amended Motion to Dismiss] (Dkt. 9) no later than fourteen (14) days after receipt of this Order." Dkt. 17. On January 11, 2024, Plaintiff filed the Motion for Leave to File (Dkt. 19), wherein Plaintiff requests leave to file an amended complaint to address the issues raised in the Amended Motion to Dismiss (Dkt. 9). Dkt. 19 at 2. Plaintiff subsequently filed a copy of the proposed second amended complaint (the "Second Amended Complaint") (Dkt. 20), wherein Plaintiff amends her allegations to clarify her cause of action of premises liability. *See* Dkt. 20. Plaintiff further represents that "Defendant's counsel is agreed to this motion." *See* Dkt. 19 at 2–3.

Under Rule 15 of the Federal Rules of Civil Procedure, a "party may amend its pleading once as a matter of course." FED. R. CIV. P. 15(a)(1). However, "if the pleading is one to which a responsive pleading is required," the amendment must be made no later than "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B). "When this time period expires or the party already has amended the pleading, this provision no longer applies and an amendment falls under Rule 15(a)(2), which requires leave of court or the written consent of the opposing party." 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1480

(3d ed. 2023). But "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). As such, leave to amend may only be denied for good cause, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the present case, it is in the interest of justice to permit the requested amendment. Plaintiff represents that she "seeks to amend her complaint to adequately allege her complaints under the federal rules." Dkt. 19 at 2. The Second Amended Complaint (Dkt. 20) clearly identifies that there is one count for Plaintiff's cause of action, for premises liability, and clearly alleges the elements of a premises liability claim. *See* Dkt. 20 at 2. Furthermore, the Court is satisfied that there is not "good cause" to deny the requested amendment. There is no evidence of any "undue delay," "bad faith," or "dilatory motive." Rather, Plaintiff seeks leave to amend to address the issues raised in the Amended Motion to Dismiss (Dkt. 9). Dkt. 19 at 2. Further, Plaintiff represents that "Plaintiff's counsel conferred with opposing counsel regarding the merits of this motion and opposing counsel is agreed to this motion." *Id.* at 3.

**C.     Conclusion**

**IT IS THEREFORE ORDERED** that the Motion for Leave to File (Dkt. 19) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Second Amended Complaint (Dkt. 20) is deemed the live pleading in this matter.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Dkt. 2) and the Amended Motion to Dismiss (Dkt. 9) are **DENIED AS MOOT**.

4

**So ORDERED and SIGNED this 12th day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE